IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    v.                                                                  20-CR-79-RJA

SEMAJ PIGRAM and WALTER STEWART,

        Defendants.

---

## JOINT STATEMENT OF REASONS

THE UNITED STATES OF AMERICA, through its attorney, Trini E. Ross, United States Attorney for the Western District of New York, Seth T. Molisani, Assistant United States Attorney, of counsel, joined by Robert C. Singer, Esq., counsel for Semaj Pigram, and MaryBeth Covert, Assistant Federal Public Defender, counsel for Walter Stewart, hereby files a Joint Statement of Reasons relative to the Court's March 26, 2022, Order (Doc. No. 146). For the reasons set forth below, the parties request that the Court accept the parties' proposed plea dispositions of the Superseding Indictment relative to defendants Pigram and Stewart pursuant to Fed. R. Crim. P. 11(c)(1)(C). Further, in accordance with Fed. R. Crim. P. 11(f), the parties agree that this pleading may not be used against the defendants in the event that plea negotiations do not result in a guilty plea pursuant to Fed. R. Evid. 410.

## PROCEDURAL BACKGROUND

On June 1, 2020, law enforcement arrested the defendants, Semaj Pigram and Walter Stewart, for firearms violations. The Erie County District Attorney's Office charged each

with Criminal Possession of a Weapon in the Second Degree, in violation of New York State Penal Law Section 265.03-3.

On June 4, 2020, a federal grand jury returned a three-count indictment against the defendants, charging each with violations of Title 18, United States Code, Sections 922(g)(1) (felon in possession of a firearm), for conduct related to the June 1, 2020, incident referenced above. See Doc. No. 1. Count 2 of the Indictment charged Pigram; Count 3 of the Indictment charged Stewart. Id.

On March 5, 2021, an Erie County grand jury returned an indictment against defendant Pigram, which charged him with Criminal Possession of a Weapon in the Second Degree (PL § 265.03-3) based on the June 1, 2020 incident, referenced above.

On June 9, 2021, a federal grand jury returned the pending Superseding Indictment against the defendants. See Doc. No. 108. The Superseding Indictment charges defendants Pigram and Stewart with the previously charged counts, both of which relate to the June 1, 2020, conduct (Counts 4 and 5, respectively), and further charges both defendants with violations of 18 U.S.C. § 922(g)(1) for conduct related to an April 5, 2020, incident (Counts 1 and 2, respectively). Id. The Superseding Indictment charges Pigram with an additional violation of 18 U.S.C. § 922(g)(1) (felon in possession of ammunition), in connection with a search that occurred on June 24, 2020, during which ammunition was recovered from a residence Pigram occupied prior to his June 1, 2020 arrest (Count 6). Id.

On March 23, 2022, the parties appeared before this Court for a status conference. See Doc. No. 146. At that time, the parties reported that the parties had reached tentative resolutions of their charges should the Court agree to accept Rule 11(c)(1)(C) plea dispositions for each defendant. See Doc. No. 146. The Court directed the parties to file a Statement of Reasons explaining why Rule 11(c)(1)(C) pleas should be accepted in this case. Id.

### THE PROPOSED RULE 11(c)(1)(C) DISPOSITIONS SHOULD BE ACCEPTED BY THE COURT IN THE INTEREST OF JUSTICE

The parties in this case have fashioned plea agreements for each defendant that appropriately reflect the seriousness of the criminal conduct involved, recognize the interests of the victim, foster comity between the state and federal prosecutions, and promote judicial economy. The parties' proposed Rule 11(c)(1)(C) plea resolutions allow the Court to impose sentences that fully address the seriousness of the offenses, promote respect for the law, provide just punishment for the offenses, afford adequate deterrence to criminal conduct, provide the defendants with needed treatment in the most effective manner, and protect the public from future crimes of the defendants in accordance with 18 U.S.C. § 3553(a).

For the reasons that follow, the parties request that the Court accept the parties' proposed Rule 11(c)(1)(C) dispositions.

I. **THE PROPOSED PLEAS HOLD THE DEFENDANTS ACCOUNTABLE FOR THEIR ACTIONS ON APRIL 5, 2020, JUNE 1, 2020, AND JUNE 24, 2020**

The proposed plea agreements contemplate Pigram and Stewart each pleading guilty

to counts of the Superseding Indictment that reflect their involvement in the non-fatal shooting of the victim on April 5, 2020 (Counts 1 and 2, respectively). These pleas each contemplate significant terms of incarceration: Pigram faces a guidelines term of 70 to 87 months' imprisonment, and Stewart faces a guidelines term of 57 to 71 months' imprisonment. The statutory maximum for the offenses is 10 years' imprisonment.

In addition, the defendants will take responsibility for the June 1, 2020 incident in that the facts regarding that incident will be incorporated in the Factual Basis for each plea agreement. The Factual Basis for Pigram's plea agreement will also incorporate facts regarding the June 24, 2020 incident.

Further, as a condition of Pigram's proposed plea agreement, Pigram must also plead guilty, as charged, to the Erie County District Attorney's Indictment charging him with possession of the firearm on June 1, 2020. Upon conviction for the state firearm charge, Pigram, as a predicate felon, faces a determinate sentence of 7 to 15 years. As a result, pursuant to the proposed plea agreements, both defendants Pigram and Stewart are fully held to account for their criminal activity as encompassed in the Superseding Indictment.

## II.   THE PROPOSED PLEAS AFFORD THE COURT BROAD DISCRETION TO FASHION AND IMPOSE AN APPROPRIATE SENTENCE

The parties submit that the Rule 11(c)(1)(C) provisions proposed in this case do not curtail the Court's ability to impose fair and just sentences for defendants Pigram and Stewart. In fact, the proposed plea agreements each contemplate Rule 11(c)(1)(C) sentencing range provisions that mirror the calculated U.S.S.G. ranges of imprisonment for the offenses, based

on each defendant's criminal history, the base offense level, and the specific offense characteristics, including relevant conduct. In the case of defendant Pigram, the anticipated guideline range is 70 to 87 months of imprisonment. In the case of defendant Stewart, the anticipated guideline range is 57 to 71 months of imprisonment.

The Court's acceptance of the Rule 11(c)(1)(C) provisions of the proposed plea agreements affords the Court the ability to impose an appropriate sentence from a range of sentences, as opposed to accepting a specific term of imprisonment. Further, the plea agreements proposed by the parties do not limit the Court's sentencing authority to impose an appropriate fine, term of supervised release, or conditions of supervised release.

The Court retains the power to determine the appropriate punishment as to each defendant, including the term of confinement, the amount of a fine, and the term of supervised release by considering each of the factors set forth in 18 U.S.C. §3553(a). As a result, the Court's acceptance of the proposed Rule 11(c)(1)(C) provisions does not seriously limit the Court's sentencing function; it affords the Court discretion to impose a sentence that is fair and just.

### III. THE GUIDELINE RANGES REFLECTED IN THE PROPOSED PLEAS HAVE BEEN THOROUGHLY RESEARCHED AND VETTED WITH UNITED STATES PROBATION

An agreement by the parties in a plea agreement regarding the proper calculation of the U.S.S.G. sentencing range is not binding on the Court. Rather, the Court is charged with determining its own guideline calculations irrespective of what the parties anticipated in the

plea. Here, the parties carefully researched the guidelines calculations as to each defendant before conferring and confirming the correctness of the guidelines ranges with the United States Probation Office. As a result, the proposed Rule 11(c)(1)(C) provisions, which reflect the proper U.S.S.G. sentencing ranges for each defendant, are correct and, therefore, provide for an appropriate term of incarceration given the nature and circumstances of the offenses.

As the Court is well aware, the U.S.S.G. went into effect on November 1, 1987. The purpose of the U.S.S.G. was to establish a sentencing system in which courts impose similar sentences for similar crimes upon defendants who are similar in ways that, according to the guidelines, are relevant to sentencing. Where the sentencing guideline procedure is followed, a Court would impose a sentence within a range on a sentencing table in the U.S.S.G. manual. The calculated range would depend on the defendant's criminal conduct and the defendant's criminal history. Once mandatory, the U.S.S.G. are now a starting point, and only advisory in nature.

The proposed plea agreements for defendants Pigram and Stewart contemplate that each will plead guilty to one count of 18 U.S.C. § 922(g)(1) (Counts 1 and 2, respectively). The government and the defendants agree that Guidelines § 2K2.1(a)(4)(A) applies to the offense of conviction and provides for a base offense level of 20. The government and the defendants further agree that the following specific offense characteristics apply: the two-level (2) increase pursuant to Guidelines § 2K2.1(b)(4)(A) (stolen firearm); and the four-level (4) increase pursuant to Guidelines § 2K2.1(b)(6)(B) (firearm used or possessed in connection with another felony offense). As part of the proposed plea, the government agrees not to

oppose the recommendation that the Court apply the two-level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility), and further agrees to move the Court to apply the additional one-level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 23.

It is the agreement of the government and defendant Pigram that, with a total offense level of 23 and a criminal history category of IV, defendant Pigram's sentencing range would be a term of imprisonment of 70 to 87 months. It is the agreement of the government and defendant Stewart that, with a total offense level of 23 and a criminal history category of III, defendant Stewart's sentencing range would be a term of imprisonment of 57 to 71 months.

The parties presented these calculations to the United States Probation Office for review. The United States Probation Office concurred with the parties' guideline calculation and criminal history calculation as to each defendant. It should also be noted that the parties analyzed whether the cross-reference provisions of U.S.S.G. §2K2.1(c)(1) applied in this case. The parties and United States Probation Office both concluded that the cross-reference *does not* apply in these cases.

Based on the foregoing, the sentencing ranges included in the proposed Rule 11(c)(1)(C) provisions represent appropriate ranges of incarceration for both defendant Pigram and defendant Stewart.

### IV. THE PROPOSED PLEAS ARE THE PRODUCT OF COMPLEX NEGOTIATIONS TO ACHIEVE A GLOBAL RESOLUTION OF ALL CURRENT PENDING STATE AND FEDERAL CHARGES AGAINST THE DEFENDANTS

As set forth in the Procedural History section, defendants Pigram and Stewart currently face multiple indictments in both state and federal jurisdictions. Under the dual sovereignty doctrine, which was most recently reaffirmed in *Gamble v. United States*, 139 S.Ct. 1960 (2019), state and federal prosecutors possess concurrent jurisdiction to charge the defendants based on similar conduct, namely, in this case, the events of April 5, 2020 and June 1, 2020. In fact, with respect to June 1, 2020, defendant Pigram *is* currently charged by the Erie County District Attorney's Office and the United States Attorney's Office for essentially the same criminal conduct arising from the same criminal transaction. The proposed pleas foster the principle of comity between the state and federal prosecutions regarding the foregoing events, wherein both the state and federal interests at play are fully vindicated.

The proposed pleas satisfy the federal interest in the Superseding Indictment. As outlined, *supra*, the defendants will take responsibility for the unlawful possession of firearms on April 5, 2020, which were used in the non-fatal shooting incident. With respect to the June 1, 2020 incident, defendant Pigram will plead guilty as charged to the unlawful possession of a firearm offense in New York State Court, for which he faces a determinate sentence of 7 to 15 years. In addition to the proposed plea here, defendant Stewart will also plead guilty to an unrelated New York State narcotics indictment. As a result, with both Pigram and Stewart

8

pleading guilty to state offenses, the state interests involved in this matter are also fully vindicated.

As part of this proposed global resolution, the federal charges contained in the Superseding Indictment related to June 1, 2020, will be dismissed. Concomitantly, the Erie County District Attorney's Office has agreed not to pursue prosecution of the April 5, 2020, incident as against the defendants. Therefore, the proposed pleas guarantee both jurisdictions obtain justice for these separate, but related events, and the defendants are held to account for their criminal acts. These resolutions promote judicial economy. By resolving all of the pending criminal actions and investigations as contemplated here, the public is spared the substantial cost of litigation, trial, and likely appeal on multiple matters in multiple jurisdictions.

### V. THE PROPOSED PLEAS PROVIDE CERTAINTY AND FINALITY TO THE DEFENDANTS, THE VICTIM, AND THE PUBLIC

The proposed plea agreements reflect the parties' efforts to incorporate certainty, closure, and finality for the defendants, the victim, the New York State Police, and the public, while simultaneously endeavoring not to usurp the Court's authority to fashion a proper sentence. We believe these proposed pleas satisfy these competing demands in a fair and just manner.

The proposed pleas afford the victim, New York State Police, and the public certainty, closure, and finality. Prior to tendering the proposed pleas to the defendants, the United States Attorney's Office consulted with the victim of the April 5, 2020, incident, and the New York

State Police regarding the June 1, 2020, incident. Both the victim and New York State Police understood the underlying rationale for the plea proposals and accepted the proposed pleas. Should the Court also accept the proposed pleas, the victim of the April 5, 2020 incident and the New York State trooper injured during the June 1, 2020 incident will be spared the trauma and stress associated with reliving the event through a public trial. The public's interest is also served, in that plea resolutions in this matter conserve resources by avoiding needless pre-trial litigation, the time and expense of both a trial and a likely appeal, combined with the certainty of conviction obtained through pleas of guilty by the defendants.

## CONCLUSION

For the foregoing reasons, the parties respectfully submit that the Court should accept the proposed plea dispositions as to each defendant pursuant to Fed. R. Crim. P. 11(c)(1)(C).

DATED:   Buffalo, New York, May 16, 2022.

                              TRINI E. ROSS
                              United States Attorney

BY:   s/SETH T. MOLISANI
      Assistant United States Attorney
      United States Attorney's Office
      Western District of New York
      138 Delaware Avenue
      Buffalo, New York 14202
      716/843-5881
      Seth.Molisani@usdoj.gov